```
                                                    ┌─────────────────────────┐
                                                    │ USDC SDNY               │
                                                    │ DOCUMENT                │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #:                  │
                                                    │ DATE FILED: 8/9/18      │
--------------------------------------------x       └─────────────────────────┘
```

UNITED STATES OF AMERICA,

    -against-                                         16 CR 541 (CM)

GREVY GERARD PIERRE-LOUIS

    Defendant.

--------------------------------------------x

## DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTIONS

McMahon, C.J.:

Defendant Grevy Gerard Pierre-Louis is charged in a four-count indictment with various offenses stemming from an alleged sex trafficking conspiracy: Count One charges the defendant with engaging in a sex trafficking conspiracy from in or about 2000 through in or about 2016, in violation of Title 18, United States Code, Section 1594(c); Count Two charges the defendant with interstate transportation of minors for the purpose of prostitution from in or about 1998 through in or about 2007, in violation of Title 18, United States Code, Section 2423(a) and (e); Count Three charges the defendant with using a facility in interstate commerce to promote unlawful activity from in or about 1998 through in or about 2016, in violation of Title 18, United States Code, Section 1952(a)(3); and Count Four charges the defendant with engaging in a child exploitation enterprise from in or about 1998 through in or about 2007, in violation of Title 18, United States Code, Section 2252A(g).

Pierre-Louis has filed pretrial motions asking the Court to: (1) suppress evidence obtained from his home pursuant to a search warrant, as well as his post-arrest statement; (2)

1

dismiss (a) Count Two of the Indictment for a violation of the statute of limitations, (b) Counts Two and Four of the Indictment for pre-indictment delay and laches, (c) Counts One, Two, and Four of the Indictment for alleged violations of the Ex Post Facto Clause of the Constitution, and (d) the entire Indictment for violations of Rule 7(c)(1) of the Federal Rules of Criminal Procedure; and (3) order a bill of particulars.

Defendant's Motion to Suppress Evidence

On or about August 16, 2016, United States Magistrate Judge Jonathan Goodman, siting in the Southern District of Florida, authorized a search of defendant's apartment; specifically for cellphones, SIM cards, passwords, encryption keys, access documents that may be necessary to access the cellphones and SIM cards, and manuals necessary to access or conduct an examination of cellphones and SIM cards. The search warrant was based on the affidavit of Special Agent Christina Bedford of the FBI. When the agents executed the search of the apartment the next day, August 17, they arrested Pierre-Louis who was present in the apartment, pursuant to a separate arrest warrant that issued in conjunction with the Indictment. The agents recovered *inter alia* two cellphones pursuant to the warrant: one that defendant attempted to throw out a window and another they found after dialing a phone number the agents knew to be used by Pierre-Louis.

While searching for items to seize pursuant to the warrant, the agents observed and seized other evidence found in plain view, including: the Apple computer that is the subject of the instant suppression motion, photos of nude and scantily-clad women and girls (many of whom the agents are said to have recognized as victims of the defendant), a fur coat of the fashion worn by the "stereotypical" pimp, and—believe-it-or-not—a trophy from a pimp convention naming Pierre-Louis "Player of the Year." The agents did not search the

contents of the computer, but rather, secured it in the apartment and made a new and separate application to Magistrate Judge Goodman seeking permission to search the computer. That application was granted.

Pierre-Louis moves to suppress the evidence seized from his residence on two grounds: (1) that the affidavit provided to the magistrate in support of the warrant contained false and misleading information in violation of *Franks v. Delaware*, 438 U.S. 154 (1978) (*see* Def. First Br. at 9-13); and that the seizure of the defendant's computer exceeded the scope of the search authorized by the warrant (*see* Def. First Br. at 13-16).

In reviewing a magistrate's finding of probable cause authorizing the issuance of a search warrant, a district "must accord substantial deference to the finding . . . that probable cause exists. . . . The reviewing court's determination should be limited to whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993) (internal citations omitted) (reversing suppression order). "A judge's probable cause determination is not overly strict. Presented with a warrant application, the judge must 'simply . . . make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Martin*, 426 F.3d 68, 74 (2d Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotation marks omitted). "The quanta of proof necessary to establish probable cause is 'only the probability, and not a prima facie showing, of criminal activity . . . .'" *Wagner*, 989 F.2d at 72 (quoting *Gates*, 462 U.S. at 235).

Under the "good faith" exception, "the exclusionary rule barring illegally obtained evidence from the courtroom does not apply to evidence seized in 'objectively reasonable reliance on' a warrant issued by a detached and neutral magistrate, even where the warrant is subsequently deemed invalid." *United States v. Jasorka*, 153 F.3d 58, 60 (2d Cir. 1998) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). The good faith exception is inapplicable only: "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923); *United States v. Falso*, 544 F.3d 110, 125 (2d. Cir. 2008).

In order to secure a *Franks* hearing, a defendant must make a "'*substantial preliminary showing*' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *Franks*, 438 U.S. at 155–56, 170–71) (emphasis added)).

Pierre-Louis argues that Special Agent Bedford's affidavit in support of the initial warrant was misleading and stale for various reasons—none of which is persuasive. He claims, for instance, that the information in the affidavit was stale because it contained no allegation that "Pierre-Louis trafficked minors after 2007, more than nine (9) years before the search warrant was sought." However, the time period for the charges are clearly set forth in the Indictment, which the search warrant affidavit referenced and attached as Exhibit A. The affidavit read in conjunction with the Indictment states that defendant is alleged to have

4

conspired in a conspiracy to engage in sex trafficking of minors through 2016.

The defense complains that the agent's affidavit was misleading because it included a lot of general statements about how sex traffickers operate that had nothing to do with Pierre-Louis. Far from being superfluous, Special Agent Bedford's inclusion of the challenged passages about the nature of sex trafficking crimes was necessary for the magistrate to understand why the agents would want to search the cellphones and other electronic devices of a person under indictment for such crimes.

Indeed, much of what defendant points to in the affidavit as being inaccurate or misleading is nothing of the kind. For instance, defendant takes issue with Special Agent Bedford identifying defendant as a member of the Bloods gang, when Pierre Louis claims that he has not identified himself as a member of the Bloods for more than a decade. What the affidavit actually says is that Pierre-Louis was a member of the Bloods at "various times relevant to the Indictment," which alleges the commission of crimes from 1998 through 2016. Thus, the challenged statement is perfectly consistent with even defendant's description of his gang affiliation.

Similarly, claims made in the affidavit that defendant made phone calls and arranged travel in furtherance of the crimes charged are not rendered inaccurate merely because defendant states that his phone calls were personal and his travel was solely family related. The fact that defendant posits innocent explanations for certain of his behavior that the Government claims to be part of his criminality does not render those statements, *ipso facto*, inaccurate.

In short, Pierre Louis has not made a substantial preliminary showing that Special Agent Bedford deliberately, or even recklessly, misled Magistrate Judge Goodman.

5

Even assuming the defendant established that the challenged passages in the affidavit were stale and/or misleading (a showing defendant has absolutely failed to make), the search warrant affidavit—devoid of the challenged information—contained more than ample other information to establish probable cause. *See Franks*, 438 U.S. at 155-56.

To the extent defendant is challenging the search of his computer based on it being beyond the scope of the initial warrant, that motion fails because the computer was not seized pursuant to the first warrant. After discovering the computer in plain view while lawfully in defendant's apartment pursuant to the initial warrant, the agents refrained from searching the computer, instead securing it in the apartment and returning to Magistrate Judge Goodman to get a warrant authorizing them to search the computer.

Defendant's motion to suppress, or in the alternative to be granted a hearing on his *Franks* motion, is denied.

Defendant's Motion to Suppress Post Arrest Statements

Pierre-Louis asks that the Government be precluded from introducing at trial statements he made to the FBI during his arrest processing. However, the Government says in its motion papers that it does not intend to offer defendant's post arrest statements in evidence at trial. Accordingly, the motion is moot.

Defendant's Attacks on the Indictment

*Rule 7(c) Sufficiency Challenge*

Defendant claims that the Indictment fails to comport with Rule 7 (c) of the Federal Rules of Criminal Procedure because the various counts insufficiently plead "which" means of committing the offense the Government intends to prove at trial.

Rule 7(c) (1) requires that an indictment contain a "plain, concise, and definite

6

written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "It is well settled that 'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87 (1974)).

The defendant claims that the Indictment is infirm because it alleges different means by which the defendant committed the charged crimes. However, this form of allegation is entirely permissible under Rule 7(c), which provides that a single count may allege "that the defendant committed [the offense] by one or more specified means." Fed. R. Crim. P. 7(c) note to subdivision (c)(1). The Indictment fully comports with Rule 7(c).

*Motion to Dismiss Counts Two and Four for Pretrial Delay*

The defendant contends that Counts Two and Four should be dismissed because of the Government's delay in bringing those charges. Count Two charges the defendant with interstate transportation of minors for the purpose of prostitution from in or about 1998 through in or about 2007, and Count Four charges the defendant with engaging in a child exploitation enterprise from in or about 1998 through in or about 2007. Pierre-Louis contends that one of his friends, Leron Pedalway, is no longer available to testify because he has died. Pierre-Louis says that Pedalway "could have" testified that he (Pierre-Louis) did not engage in the criminal activity with which he is charged.

A defendant seeking dismissal of a timely indictment for pre-indictment delay "bears the 'heavy burden' of proving both that he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the

7

government for an improper purpose." *Cornielle*, 171 F.3d at 752 (citing *United States v. Scarpa*, 913 F.2d 993, 1014 (2d Cir. 1990)) (emphasis in original); *United States v. Hoo*, 825 F.2d 667, 671 (2d Cir. 1987)); *see also United States v. Alameh*, 341 F.3d 167, 176 (2d Cir. 2003). A defendant's "proof of prejudice must be definite and not speculative." *Birney*, 686 F.2d at 105-06; *see also United States v. Henderson*, 337 F.3d 914, 920 (7th Cir. 2003) (prejudice sufficient to warrant dismissal for pre-indictment delay must be "actual and substantial" and "specific, concrete, and supported by evidence"). Thus, claims of mere loss of memory resulting from the passage of time have been held to be insufficient to warrant dismissal of an indictment on due process grounds. *United States v. Wright*, 343 F.3d 849, 859 (6th Cir. 2003); *Henderson*, 337 F.3d at 919-20.

Moreover, even when a claim of prejudice is based upon the complete loss of a witness's testimony or other evidence, a defendant nevertheless must show how that testimony or evidence would have affected the outcome or otherwise have assisted the case. *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001) (defendant's pre-indictment delay claim rejected because of failure to show "how the testimony from [three absent] witnesses would have benefitted his case"); *United States v. Spears*, 159 F.3d 1081, 1085 (7th Cir. 1999) ("a defendant must do more than show that a particular witness is unavailable and that the witness' testimony would have helped the defense. He must also show that the witness would have testified, withstood cross-Examination, and that the jury would have found the witness credible"). Courts have held that "the defendant also has the burden of showing that the lost testimony or information was not available through other means." *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002).

That defendant's friend is no longer available to testify that defendant did not commit

8

the charged crimes is hardly sufficient to satisfy the prejudice prong. Unless Pedalway was with Pierre Louis every moment between 1998 and 2007, it would be impossible for him to testify that defendant did not commit the charged crimes, so whatever helpful testimony he might have offered (the details of which are sparse in the motion) would be easily undermined on cross-examination. *See United States v. Spears*, 159 F.3d at 1081-1085 (death of two witnesses was insufficient to show actual prejudice because a defendant must do more than show that the witnesses' testimony would have been helpful; a defendant must also show that the unavailable witness "would have testified, withstood cross-examination, and that the jury would have found the witness credible."

Pierre Louis also says that he has been prejudiced by the delay because he has issues with his memory that "makes it difficult for me to assist in defending this case." Such a conclusory and self-serving statement is hardly sufficient to satisfy the prejudice prong. Moreover, even a more substantial showing of dimming or fading memories over the passage of time are not sufficient to "demonstrate that [a defendant] cannot receive a fair trial" or "justify the dismissal of the indictment." *United States v. Marion*, 404 U.S. 307, 326 (1971).

Because Defendant failed to show prejudice, the Court need not even address the second prong: that the claimed delay by the Government was intentional and deliberate to gain a strategic advantage. However, he fails on that prong as well. Defendant has offered no credible evidence to suggest that the Government tarried in bringing charges against him solely to gain some prosecutorial advantage.

Defendant's motion to dismiss Counts Two and Four for pre-indictment delay is denied.

*Ex Post Facto Clause Challenge*

The defendant moves to dismiss Counts One, Two, and Four of the Indictment for purported violations of the Ex Post Facto clause, because the statutes charged in these counts were enacted during the period while the defendant was allegedly committing the crimes charged thereunder. This is not a basis for dismissal.

"It is well-settled that when a statute is concerned with a continuing offense, the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of the statute. . . . A conviction for a continuing offense straddling enactment of a statute will not run afoul of the Ex Post Facto clause unless it was possible for the jury, following the court's instructions, to convict "exclusively" on pre-enactment conduct. *United States v. Harris*, 79 F.3d 223, 229 (2d Cir. 1996). Where the jury is instructed on the proper evidentiary value of pre-enactment conduct, admission of evidence concerning pre-statutory conduct is proper. *See United States v. Monaco*, 194 F.3d 381, 386 (2d. Cir. 1999).

There is no basis to dismiss any count at this juncture. Here, as in *Harris*, the counts at issue properly charge continuing offenses that began prior to the enactment of the applicable statutes but continued well after enactment. *See Harris*, 79 F.3d at 229. If after the Government presents its evidence defendant believes the Government has failed to prove any post-enactment criminal conduct, he can move to dismiss the relevant counts at that juncture pursuant to Rule 29. And if such motions are not made or fail, the jury will be instructed that it must unanimously find beyond a reasonable doubt that—for each of the implicated counts— defendant committed post-enactment criminal conduct.

*Statute of Limitations Challenge on Count Two*

Count Two charges the defendant with interstate transportation of minors for the purpose of prostitution from in or about 1998 through in or about 2007, in violation of Title 18, United States Code, Section 2423(a) and (e). Defendant concedes that the statute of limitations for Count Two was extended in 2003 to the longer of the life of the child or 10 years after the offense, and then again on July 27, 2006, through the enactment of 18 U.S.C. § 3299, which provides that a felony in chapter 117 (which includes Section 2423(a)) may be brought at any time without limitation. Defendant contends, however, that Count Two should be dismissed because "it cannot be known whether Mr. Pierre-Louis is alleged to have transported a minor interstate for the purpose of prostitution prior to the effective date of § 3299."

Defendant's argument rests on the erroneous premise that the law requires the defendant to have committed the charged offense after the effective date of the extension of the statute of limitations for the charge to not be time-barred. As long as the original statute of limitations had not lapsed when the extension went into effect, the prosecution is not time-barred. *See United States v. Sensi*, No. 08 Cr. 253 (WWE), 2010 WL 2351484, at *2 (D. Conn. Jun. 7, 2010) (citing *Stogner v. California*, 539 U.S. 607, 616 (2003) (denying motion to dismiss § 2423 and child pornography counts because statute of limitations had not lapsed at time of extension). In other words, as long as the statute of limitations is extended before the prosecution of an offense is time-barred, there is no violation of the Ex Post Facto Clause. *See United States v. Mohamed*, 13 Cr. 527(WFK), 2015 WL 7738016, at *2 (E.D.N.Y. 2015); *see also United States v. Roselli*, No. 93 Cr. 220, 1994 WL 4195, at *2 (N.D.N.Y. 1994) (holding that the extension of a new statute of limitations to a prosecution which is not yet barred under the previous statutory period is not a violation of the Ex Post Facto Clause).

11

That is exactly what happened here. The Government alleges that the defendant began violating 18 U.S.C. § 2423(a) in 1998. At that time, the applicable statute of limitations authorized prosecution any time before the child victim reached the age of twenty-five. *See* 18 U.S.C. § 3283 (1994). The 2003 amendment to § 3283 extended the limitations period to the longer of 10 years from the date of the offense or the life of the child. *See* 18 U.S.C. § 3283 (2003). Even a minor about to turn 18 in 1998 would not have reached age 25 by the time of the 2003 amendment. Thus, the statute of limitations on defendant's alleged pre-2003 trafficking had not run at the time of the 2003 amendment. And since the 2003 amendment extended the limitations period to the longer of 10 years or the life of the child, even if the 2006 amendment had never been passed, a § 2423(a) violation that was completed in 1998 could have been prosecuted until 10 years after the offense (2008) or for the life of the child. I assume the Government can show that some child who was trafficked in 1998 is still alive.

Accordingly, defendant's motion to dismiss Count Two on statute of limitations grounds is denied.

Request for a Bill of Particulars

Pierre-Louis asks the Court to order the Government to provide him with a bill of particulars identifying the following items with respect to any interstate transportation that occurred in furtherance of any of the counts charged: (1) the dates of alleged travels; (2) the identities of the travelers; (3) the sending and receiving states for the alleged travels; and (4) the means of transportation. Defendant also seeks clarification as to how certain bills, receipts, and email IP addresses found in the discovery relate to the defendant. While defendant acknowledges that the Government has given him more than 8,000 pages of discovery, he complains that it is essentially a paper dump where the relevance of hundreds of

pages of financial records are "shrouded in mystery."

The proper scope and function of a bill of particulars is to furnish facts, supplemental to those contained in the indictment, necessary to apprise the defendants of the charges against them with sufficient precision so as to enable them to prepare a defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), overruled on other grounds as recognized by *United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984). If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery or other correspondence, no bill of particulars is required. *Bortnovsky*, 820 F.2d at 572; *United States v. D'Amico,* 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010); *United States v. Spy Factory*, 960 F. Supp. 684, 690-91 (S.D.N.Y. 1997). Accordingly, the ultimate test is whether the information sought is necessary, not whether it is helpful. *See United States v. Lauersen*, No. 98 Cr. 1134 (WHP), 1999 WL 440619, *3 (S.D.N.Y. June 28, 1999); *United States v. Percan*, No. 98 Cr. 392 (AGS), 1999 WL 13040, *5 (S.D.N.Y. Jan. 13, 1999).

In the present case, the Indictment read in conjunction with the search warrant affidavit and the 8,000 pages of discovery that defendant acknowledges receiving from the Government would suggest that defendant has enough information to apprise him of the charges with enough precision to enable him to prepare a defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); *Torres*, 901 F.2d at 234. Defendant's demand that the Government provide him with the specifics of how it will prove the "interstate transportation" element of its case is an improper attempt to limit the

Government's proof at trial and is the type of "when, where, and how" bill of particular requests that are "almost uniformly . . . denied." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 242 (S.D.N.Y. 2000), quoting *United States v. Wilson*, 565 F. Supp. at 1438)).

While it is true that the criminal conduct alleged in the Indictment spans nearly two decades, the Indictment and the search warrant affidavit provide considerable detail about the defendant's activities, and the extensive discovery provided by the Government fleshes out the rest. I assume that the Government has worked cooperatively with defense counsel to identify the portions of the discovery that are relevant to the actual dates, times, places and victims who will be the subject of evidence at the trial. To the extent the defense has questions about how certain documents within the discovery provided relate to the various charges, the Government should endeavor to work with defense counsel to clarify the discovery.

The motion for a bill of particulars is denied.

Trial Disclosures

The Court previously issue an order regarding the timing of trial submissions and pretrial disclosures. (*See* Discovery Order Dated June 12, 2017). The Court's earlier order is updated as follows:

Government to provide 404(b) disclosure and file any *in limine* motions by August 17, 2018;

Defense *in limine* motions and defense response to the Government *in limine* motions are due August 21, 2018;

Government's response to defense *in limine* motions is due August 28, 2018;

Government to turn over all 3500/*Giglio* material by September 4, 2018;

Proposed Voir Dire and Charge Requests are due September 14, 2018.

14

Government to provide the defense and the Court with a list of its trial witnesses, in the order they will be called, by September 17, 2018.

I see no need to alter these dates.

This constitutes the decision and order of the Court.

_____
Chief District Court Judge

BY ECF TO ALL COUNSEL