

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

Grevy Gerard Pierre-Louis,

          Defendant.

16-CR-541 (CM)

### DECISION AND ORDER REGARDING DEFENDANT'S MOTION OBJECTING TO THE FINAL ORDER OF FORFEITURE

McMahon, J.:

Defendant, Grevy Gerard Pierre-Louis is currently serving a sentence of 360 months' imprisonment for his involvement in, *inter alia*, a sex trafficking conspiracy. His sentence also included financial penalties, both restitution and forfeiture. Before the Court is Pierre-Louis's motion objecting to his payment of forfeiture.

Relevant Background

On or about September 5, 2018, Grevy Gerard Pierre-Louis, the defendant, pleaded guilty, pursuant to the Plea Agreement, to Counts One and Two of Superseding Information S1 16 Cr. 541 (CM) (Dkt. 68 (the "S1 Information")). (PSR ¶ 7). Specifically, the defendant pleaded guilty to: (1) sex trafficking conspiracy, in violation of 18 U.S.C. § 1594(c); and (2) conspiracy to transport minors interstate for purposes of prostitution, in violation of 18 U.S.C. §§ 2423(a) and (e). (*Id.* ¶¶ 2, 3). Pursuant to the Plea Agreement—which was signed by the defendant and defense counsel—the defendant agreed to, among other things:

> The defendant hereby admits the forfeiture allegations with respect to Counts One and Two of the Superseding Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981, 1594, and 2253; Title 21, United States Code, Section 853; and Title 28, United States Code, 2461:
>
> (i) with respect to Count One, any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses alleged in Count One, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense alleged in Count One, or any property traceable to such property; and
>
> (ii) with respect to Count Two, any and all property, real or personal, that was used or intended to be used to commit and to facilitate the commission of the offense alleged in Count Two of the Superseding Information; and any and all property, real or personal, constituting and derived from any proceeds that the defendant obtained, directly or indirectly, as a result of the commission of the offenses alleged in Count Two, including but not limited to the following specific property: *one gold necklace, one Royal Oak Offshore watch, one fur coat, and one silver Mercedes GL450* (together, the "Specific Property").

(Plea Agreement at 2 (emphasis added)).

At the plea proceeding, the Court explained to Pierre-Louis that there was a forfeiture allegation requiring him to forfeit the Specific Property. Pierre-Louis, in turn, acknowledged that he understood that there was a forfeiture allegation and that he was required to forfeit the Specific Property. (Dkt. 72 at 10-11 ("Plea Tr.")). The Court—reading from the plea agreement—told defendant that the Specific Property included "*the gold necklace, the Royal Oak Offshore watch, the fur coat, and the silver Mercedes GL 450.*" (*Id.* at 11 (emphasis added)). The Court then explained to the defendant that "[f]orfeiture is different from restitution," and "means that you forfeit to the Government the proceeds that you've gotten from your illegal

2

activity, and any property that you used to commit or that can be identified as having been paid for with proceeds of the illegal activity." (*Id.*). The Court further advised the defendant: *"[Y]ou're going to lose your gold necklace, your watch, your fur coat, and the Mercedes."* (*Id.* (emphasis added)). The Court asked the defendant if he understood, and the defendant responded: "Yes, your honor." (*Id.*)

On or about April 17, 2019, the Court sentenced the defendant to 360 months' imprisonment. (Dkt. 88). At sentencing, the Government advised that it would submit a forfeiture order after the sentencing proceeding, and that the property subject to forfeiture had been agreed upon by the parties in the Plea Agreement. (*Id.* at 43). The defendant raised no objection to forfeiture at sentencing.

On May 14, 2019, the Court issued an Order of Forfeiture for the Specific Property. (Dkt. 95). The Order of Forfeiture directed, among other things, that "a judgment forfeiting the Specific Property shall be entered against the defendant," and the "Specific Property . . . shall be forfeited to the United States Marshals Service," and "[u]pon entry of this Order of Forfeiture . . . the United States shall have clear title to such forfeited property." (*Id.* ¶¶ 1, 3, 4). The Order of Forfeiture was included in the judgment of conviction, which had been filed on April 18, 2019. (Dkts. 88, 95). Consistent with the terms of the Plea Agreement, the defendant did not raise any objection to the Order of Forfeiture upon its entry, nor did he challenge forfeiture of the Specific Property on appeal. In fact, the defendant declined to appeal from the judgment of conviction entered against him.[1]

---

[1] On April 21, 2022, the Court denied the defendant's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Dkt. 112). The defendant filed a notice of appeal and motion for permission to appeal in forma

3

On September 11, 2025, upon the Government's motion, the Court entered a Final Order of Forfeiture with respect to the Specific Property. (Dkt. 119).

Pierre-Louis Motion Objecting to Forfeiture

On October 15, 2025, the defendant filed a *pro se* motion challenging the Final Order of Forfeiture. (Def. Mot.). In his three-page motion, the defendant asks the Court to set aside the Order under Federal Rule of Criminal Procedure 41(g) and asks the Court to order the return of certain other property, also under Rule 41(g). (*Id.*). Specifically, defendant seeks the return of eight items (or categories of items) he claims were unlawfully seized on August 17, 2016: a "Gold Necklace," a "Silver Royal Oak Offshore Watch," a "Gray Fur Coat," "Canon 5D Cameras," "Camera Lenses (4)," a "MacBook Pro Laptop," an "iMac Desktop Computer," and "Paintings and Family Photos." (Def. Mot. at 2).[2] as well as other property, and claims that the property was "unlawfully seized and forfeited." (*Id.*).[3]

*Federal Rule of Criminal Procedure 41(g)*

Under Federal Rule of Criminal Procedure 41(g), a criminal defendant "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). To prevail on a Rule 41(g) motion, the defendant "must

---

pauperis. (Dkts. 113, 114). The Second Circuit denied the defendant's motion and dismissed his appeal. (Dkt. 115).

[2] The defendant does not appear to challenge the Final Order of Forfeiture with respect to the silver Mercedes GL 450, nor does he appear to contend that the Mercedes was unlawfully seized or forfeited. (*See* Def. Mot. at 2).

[3] The Government says that the item descriptions in the defendant's motion are slightly different than the descriptions of items seized by the FBI as memorialized in FBI records. For example, FBI evidence logs list one Canon camera as having been seized from the defendant's residence on August 17, 2016, rather than cameras (plural), and camera lenses do not appear to be listed in the evidence log. Nor are "Paintings" listed in the FBI evidence log as having been seized from the defendant's residence on August 17, 2016. The Government also says that the estimated value of each item listed in the defendant's motion appears to be the defendant's own estimation, which the Government believes to be "highly inflated." (Govt Resp at 4 n. 4).

demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure or the Government's need for the property as evidence has ended." *United States v. Seabrook*, No. 16 Cr. 467 (AKH), 2021 WL 965772, at *2 (S.D.N.Y. Mar. 15, 2021)).

However, a criminal defendant must file a motion for return of property under Rule 41(g) within six years after the "termination of criminal proceedings against the defendant." *Bertin v. United States*, 478 F.3d 489, 492-93 (2d Cir. 2007 (citing, *e.g.*, *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); 28 U.S.C. § 2401(a)); *see also Frith v. United States*, 268 F.R.D. 177, 180 (S.D.N.Y. 2010) ("When a Rule 41(g) motion is filed after the termination of criminal proceedings, the six-year catch-all statute of limitations for civil actions against the federal government is applied." (internal quotation marks and citations omitted)). The criminal proceeding is deemed terminated upon entry of the judgment. *See, e.g.*, *Bertin*, 478 F.3d at 494; *Frith*, 268 F.R.D. at 181; *Assil v. United States*, No. 07 Civ. 11037 (DAB), 2008 WL 4104026, at *4-5 (S.D.N.Y. Aug. 26, 2008); *Knight v. United States*, No. 06 Civ. 6581, 2007 WL 2667455, at *2 n.3 (E.D.N.Y. Sept. 6, 2007).

<u>Defendant's Motion Regarding the Final Order of Forfeiture</u>

As for defendant's motion specifically attacking the Final Order of Forfeiture on the ground that the items are not contraband, defendant waive his right to make any such challenge in his plea agreement with the Government. *See, e.g.*, *United States v. White*, No. 17 Cr. 431 (RMB), 2021 WL 3038670, at 3 (S.D.N.Y. July 19, 2021) (granting the Government's motion for a final order of forfeiture and concluding that the defendant waived his challenge to the forfeiture order where, among other things, the defendant agreed to entry of a consent preliminary order of

5

forfeiture/money judgment, in which he "specifically consented to the Government being able to seek substitute assets to satisfy the judgment"); *see also, e.g.*, *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection . . . such inaction constitutes a true waiver which will negate even plain error review. . . . A finding of true waiver applies with even more force when . . . defendants not only failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit.").

Defendant's general argument that the Government failed to provide proper notice as to the forfeiture of the Specific Property in violation of the Fifth Amendment is ridiculous. The Government made clear its intent to have defendant forfeit certain property at the outset of the case. The superseding indictment upon which defendant was arraigned and ultimately pleaded guilty contained a forfeiture provision; the Plea Agreement contained a forfeiture provision (and a provision whereupon defendant waived his right to challenge forfeiture); the defendant acknowledged to the Court during his guilty plea proceeding that he was aware that he would have to forfeit certain property and that he was waiving his right to challenge forfeiture; and the terms of forfeiture were memorialized in the Order of Forfeiture, signed May 14, 2019, and most recently in the Final Order of Forfeiture, signed September 11, 2025.

Accordingly, the Court rejects defendant's challenge to the Final Order of Forfeiture. The Government is free to take possession of the gold necklace, the Royal Oak Offshore watch, the fur coat, and the silver Mercedes GL 450.

Defendant's Motion Regarding "Other" Property Seized

Defendant asks the Government to return certain property seized pursuant to the search warrant executed at his home on April 17, 2016. Defendant lists various items with (according to defendant) their purported value including: Gold Necklace $14,000, Silver Royal Oak Offshore Watch 45,000.00, Gray Fur Coat $7,000, Canon 5D Cameras $5,000, Four Camera Lenses $6,000, MacBook Pro Laptop $1,500, iMac Desktop Computer $1,700, Personal Paintings and Family Photos.

The Government is reluctant to return anything to this defendant. It argues that many of the seized photographs included "photos of nude and scantily-clad women, and minor girls (many of whom the agents are said to have recognized as victims of the defendant), some of which were presumably used in part for prostitution advertisements on websites such as Backpage.com. The Government also contends that, since the defendant engaged in the offense conduct for nearly two decades and posted online prostitution advertisements as part of his sex trafficking operation, it is very likely that the defendant's computers contain photographs of adult and minor victims, including sexually explicit photographs used for prostitution advertisements, as well as other victim identifying information. (Govt Memo at 8, n.8).

As a threshold matter, the motion is denied because more than six years have passed since the "termination of criminal proceedings against the defendant" (*i.e.*, since April 18, 2019, when the judgment of conviction was entered (Dkt. 88)). The defendant had every opportunity — from the time the items were seized in August 2016, through the filing of his pretrial motions in August 2017, through the time of his sentencing in April 2019, and for six years thereafter —

to seek return of the property; he has failed to do so. Accordingly, the motion for the return of property pursuant to Fed. R. Crim. P. 41(g) is untimely. *See Bertin*, 478 F.3d at 492-93.

Assuming arguendo that the motion were timely, the Court would never order the Government to return any electronic devices or media that contained any evidence of defendant's criminality or contraband (such as photographs of victims or pornographic pictures of minors). And, obviously, to the extent defendant's list contains items included in the Final Order of Forfeiture, his motion for the return of those items would never be granted. *See, supra* at 5-6.

However, nothing in this order prevents the Government from voluntarily returning to the Defendant property that is neither contraband or evidence— family photos, for example. But the Government need not go looking for such items, since it is well past the time when a motion to return them would be granted.

This constitutes the decision and order of the Court

Dated:   October 30, 2025
         New York, New York

                                                      _____
                                                      COLLEEN McMAHON
                                                      United States District Judge